Lawrence Spasojevich (LS 1029)
Aidala, Bertuna & Kamins, P.C.
*Attorneys for Plaintiff*
546 5th Avenue
New York, New York 10036
Tele:   (212) 486-0011
Email: ls@aidalalaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PABLO CUMATZ,

CASE NO.  1:22-cv-8153

Plaintiff,       **COMPLAINT**

-against-

LOTUS WEST CORP.
and
CARLOS BARROZ,

ECF Case,

Defendant(s).

---

Plaintiff, PABLO CUMATZ, by and through the undersigned attorneys, Lawrence

Spasojevich, Esq., hereby files this Complaint against Defendant(s), LOTUS WEST CORP., and

CARLOS BARROZ, (collectively "Defendant(s)"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), Plaintiff is entitled to recover from Defendant(s): (1) unpaid wages at the overtime wage rate; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), Plaintiff is entitled to recover from the Defendant(s): (1) unpaid wages at the overtime wage rate; (2) statutory penalties; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1332, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the SOUTHERN DISTRICT pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff, PABLO CUMATZ, is an adult resident of Queens County, New York.

6.      Upon information and belief, Defendant, LOTUS WEST CORP., is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 226 West 79th Street, New York, NY, 10024.

7.      Upon information and belief, Defendant, CARLOS BARROZ, is an owner, officer, director and/or managing agent of Defendant, LOTUS WEST CORP., who participated in the day-to-day operations of Defendant, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder,

2

29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with Defendant, LOTUS WEST CORP.

8.      At all relevant times, Defendant, LOTUS WEST CORP., was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9.      At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant(s).

10.     At all relevant times, Defendant(s) knowingly and willfully failed to pay the overtime wage rate for all hours worked over forty (40) hours in a week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

11.     Upon his recall and recollection, Plaintiff was employed by Defendant as a dishwasher on or about December 1, 2021, until on or about January 2022.

12.     Upon his recall and recollection, during this period, Plaintiff worked five (5) days per week; from Wednesday through Sunday.

13.     Upon his recall and recollection, during this period, Plaintiff worked sixty-three (63) hours per week. Plaintiff's  regular schedule consisted of the following hours:

        a.      Wednesdays, Thursdays, and Fridays, from 3:00 p.m. until 2:00 a.m.;

        b.      Saturdays and Sundays, from 9:00 a.m. until 12:00 a.m.

14.     Upon his recall and recollection, in January of 2022, Plaintiff's employment by Defendant's changed both in role and schedule.

15.     Upon his recall and recollection, from on or about January 2022, until March 13, 2022, Plaintiff was employed by Defendant as a salad maker.

16.     Upon his recall and recollection, during this period, Plaintiff worked six (6) days per week.

17.     Upon his recall and recollection, during this period, Plaintiff worked fifty-five (55) hours per week. Plaintiff's  regular schedule consisted of the following hours:

        a.     Mondays from 3:00 p.m. to 10:00 p.m.;

        b.     Wednesdays and Thursdays from 3:00 p.m. until 11:00 p.m.;

        c.     Fridays from  3:00 p.m. until 12:00 p.m.;

        d.     Saturdays from 10:00 a.m. until 12:00 p.m.;

        e.     Sundays from 10:00 a.m. until 5:00 p.m.

18.     Defendant(s) did not utilize a timekeeping device at the workplace to track hours worked by Plaintiff.

19.     Defendant, CARLOS BARROZ, is an individual who, upon information and belief, owns the stock of LOTUS WEST CORP., owns LOTUS WEST CORP., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

20.     Defendant, CARLOS BARROZ, exercised control over the terms and conditions of Plaintiff's employment, in that CARLOS BARROZ has and has had the power to (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

21.     Plaintiff was not correctly compensated wages at the overtime wage rate for all hours worked over forty (40) in a workweek.

22.     Defendant(s) knowingly and willfully operated business with a policy of not paying Plaintiff wages for hours worked over forty (40) hours in a week at the overtime wage rate in

violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

23.     At all relevant times, upon information and belief, and during Plaintiff's employment, the Defendant(s) failed to maintain accurate and sufficient time records.

24.     Defendant(s) did not provide Plaintiff with an accurate wage statement or summary, accurately accounting for the actual hours worked, and setting forth the hourly rate of pay and overtime wages.

25.     Upon information and belief, this was done to disguise the actual number of hours the Plaintiff worked and to avoid paying the overtime wage for all hours worked over forty (40) hours in a week.

26.     Defendant(s) willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and the NYLL by failing to maintain accurate and complete timesheets and payroll records.

27.     Plaintiff has been substantially damaged by the Defendant(s)' wrongful conduct.

## COUNT 1
### [Violation of the Fair Labor Standards Act]

28.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "27" of this Complaint as if fully set forth herein.

29.     At all relevant times, upon information and belief, Defendant(s) was/were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

30.     At all relevant times, Defendant(s) employed Plaintiff within the meaning of the FLSA.

31.     Upon information and belief, at all relevant times, Defendant(s) has/have had gross revenues in excess of $500,000.

32.     Plaintiff was entitled to be paid for all hours worked over forty (40) hours in a week at the overtime wage rate as provided for in the FLSA.

33.     Defendant(s) failed to pay Plaintiff compensation in the lawful amount for all hours worked over forty (40) hours in a week as provided for in the FLSA.

34.     At all relevant times, each of the Defendant(s) had, and continue to have a policy and practice of refusing to pay Plaintiff for all hours worked over forty (40) hours in week in a workweek at the overtime wage rate which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

35.     Defendant(s) knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff for all hours worked over forty (40) hours in week at the overtime wage rate when they knew or should have known such was due, and that non-payment of an overtime rate would financially injure Plaintiff.

36.     Defendant(s) have failed to make, keep and preserve records concerning each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, et seq., including 29 U.S.C. §§ 21l(c) and 215(a).

37.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendant(s). Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38.     Defendant(s) failed to disclose or apprise Plaintiff properly of his rights under the FLSA.

39.     As a direct and proximate result of Defendant(s)' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages under the FLSA.

40.     Due to the intentional, willful, and unlawful acts of the Defendant(s), Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages at the overtime wage rate and an equal amount as liquidated damages, and prejudgment interest thereon.

41.     Plaintiff is entitled to an award of their reasonable attorneys' fees, costs, and expenses, under 29 U.S.C. § 216(b).

## COUNT 2
## [Violation of the New York Labor Laws]

42.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "l" through "41" of this Complaint as if fully set forth herein.

43.     The wage provisions of the NYLL apply to Defendant(s) and protect the Plaintiff.

44.     Defendant(s), under their policies and practices, refused and failed to pay the earned wage at the overtime wage rate to Plaintiff for all hours worked over forty (40) hours in a week.

45.     By failing to compensate Plaintiff for all hours worked over forty (40) hours in a week at the overtime wage rate, Defendant(s) violated Plaintiff's statutory rights under the NYLL.

46.     The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a sound or reasonable basis.

47.     Therefore, Defendant(s) knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff compensation for all hours worked over forty (40) hours in a week in a workweek at the overtime wage rate.

48.     Due to the Defendant(s)' NYLL violations, Plaintiff is entitled to recover from Defendant(s) unpaid wages at the overtime wage rate, reasonable attorneys' fees, and costs and disbursements of this action, under NYLL § 663(1) et al. and§ 198.

49.     Plaintiff also seeks liquidated damages under NYLL § 663(1).

**COUNT 3**
**[Failure to provide a Wage Notice]**

50.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51.     The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

52.     Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of employment.

53.     Through their knowing or intentional failure to provide the with the wage notice required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

54.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty ($50.00) dollars each day that Defendant(s) failed to provide Plaintiff with an accurate wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

**COUNT 4**
**[Failure to provide Wage Statements]**

55.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56.     Defendant(s) has/have willfully failed to supply Plaintiff with an accurate wage statement, as required by NYLL, § 195(3).

57.     Through knowingly or intentionally failing to provide the Plaintiff with an accurate wage statement as required by the NYLL, Defendant(s) willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

58.     Due to Defendant(s)' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendant(s) failed to provide Plaintiff with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request that this Court grant the following relief:

(a)      An award of unpaid wages at the overtime wage rate due under the FLSA;

(b)      An award of liquidated damages as a result of Defendant(s)' failure to pay wages at the overtime wage rate pursuant to 29 U.S.C. § 216;

(c)      An award of unpaid wages at the overtime wage rate under the NYLL;

(d)      An award of liquidated damages and statutory penalties as a result of Defendant(s)' failure to pay wages at the overtime wage rate, failure to provide accurate wage notices, and failure to provide accurate wage statements pursuant to the NYLL;

(e)      An award of prejudgment and post-judgment interest;

(f)      An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g)      Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
           September 23, 2022

Respectfully submitted

By:   *Lawrence Spasojevich*
         Lawrence Spasojevich (LS 1029)